UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Hayley Barta and Lindsay Lojewski, individually and on behalf of all others similarly situated, | Case No. |
| | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | |
| SPECIALTYCARE, INC. | |
| Defendants. | |

## PRELIMINARY STATEMENT

1. This is a class and collective action brought by Plaintiffs Hayley Barta and Lindsay Lojewski ("Plaintiffs"), on behalf of themselves and all others similarly situated, to recover overtime pay from Defendant SpecialtyCare, Inc. ("SpecialtyCare" or "Defendant").

2. Plaintiffs Barta and Lojewski bring this action on behalf of themselves and all others similarly situated for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. Plaintiffs' federal claims are asserted as a nationwide collective under the FLSA, 29 U.S.C. § 216(b) and consists of all similarly situated persons who are or have been employed by SpecialtyCare as salaried Surgical Neurophysiologists ("SNs") and treated as exempt from overtime pay (the "FLSA Collective").

3. Proposed California Class representative Plaintiff Lojewski also brings claims under California Labor Code, §§ 510 and 1194, and Cal. Wage Order No. 4, for failure to pay overtime for hours exceeding eight per day and/or 40 per workweek, Code §§ 226.7 and 512 and Wage Order No. 4, for meal and rest break violations, and Code § 226 for failure to provide accurate wage statements, on behalf of herself and a putative class of similarly situated persons who are or

1

have been employed by SpecialtyCare as salaried SNs in California and treated as exempt from overtime pay ("the California Class").

## JURISDICTION AND VENUE

4. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

5. The Court has supplemental jurisdiction over the California state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391 because Defendant operates in this district and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7. Plaintiff Hayley Barta is an adult resident of Derby, Kansas. From approximately February or March 2017 to April 2024, Plaintiff Barta was employed by Defendant as a SN, starting as an SN 1, progressing to a SN 2, and then later an SN 3. Plaintiff was paid by salary when she was an SN 2 and SN 3.

8. Plaintiff Barta worked for SpecialtyCare in two different states, first in Tennessee and later during her employment in Kansas. Plaintiff Barta was SpecialtyCare's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

9. Plaintiff Lojewski is an adult resident of Thousand Oaks, California.

2

10. Plaintiff Lojewski has worked for SpecialtyCare in the state of California since approximately July 2021. Plaintiff Lojewski is a salaried SN. Plaintiff Lojewski is SpecialtyCare's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1) and the California Labor Code.

11. Defendant SpecialtyCare is a privately-held corporation owned by private equity firm Morgan Stanley Infrastructure Partners and located in Brentwood, Tennessee. SpecialtyCare's principal place of business is in Brentwood, Tennessee.

12. At all relevant times, SpecialtyCare has had gross annual sales made or business done in excess of $500,000. Defendant operates in interstate commerce by, among other things, providing its services in multiple states throughout the United States, including Tennessee, California, and Kansas.

## FACTUAL ALLEGATIONS

13. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

14. Defendant SpecialtyCare is one of the country's largest providers of clinical services to hospital operating rooms. As of 2021, it provided services to over 1,200 client hospitals in 46 states.

15. The services SpecialtyCare provides include intraoperative neurophysiological monitoring ("IONM"). IONM involves tests that read the nervous system during surgery to help identify early signs of injury. IONM is performed by SNs whose job is to monitor nervous system activity and alert doctors of any abnormal functioning.

16. SNs' primary job is to provide IONM services within the hospital facility operating room. Their duties include properly setting up and maintaining the diagnostic equipment, applying electrodes on patients in a timely and accurate manner and according to surgery type, running tests

3

during the course of the surgery, monitoring and collecting data, recording data and preparing documentation, , ensuring the remote-based neurologist is online for the surgery, and post-procedure breakdown of the equipment.

17. Regardless of job location, SNs have similar job responsibilities and perform similar duties.

18. There are no state or federal licensing requirements to be an SN.

19. The American Board of Registration of Electroencephalographic and Evoked Potential Technologists ("ABRET") provides a Certification in Neurophysiologic Intraoperative Monitoring ("CNIM") for SNs.

20. There are four pathways a candidate can take to sit for the CNIM exam. They can obtain a diploma from a school accredited by the Commissions on Accreditation of Allied Health Education Programs (CAAHEP); have an existing certification as an EEG (Electroencephalographic Technologist) or an EPT (Evoked Potential Technologist); have obtained a Bachelor's degree; or acquire a certificate from a non-CAAHEP, formal NIOM program that is ABRET recognized.

21. Requirements to take the CNIM exam also include documentation of at least 100 NIOM cases and CPR and Basic Life Support certification.

22. Plaintiffs and other similarly situated SNs were paid a salary and treated as exempt under state and federal laws from overtime pay.

23. Defendant suffered and permitted Plaintiffs and the similarly situated SNs to work more than forty (40) hours per week, and over eight (8) hours per day without overtime pay.

24. For example, during the week ending February 3, 2024, Plaintiff Barta estimates that she worked approximately 55 hours and did not receive overtime pay for her overtime hours worked.

25. Plaintiff Lojewski estimates that during the workweek ending April 20, 2024, she worked approximately 79 hours with several workdays that week exceeding 8 hours. Plaintiff did not receive overtime pay for her daily or weekly overtime hours. Plaintiff also routinely worked through meal and rest periods.

26. Defendant has been aware, or should have been aware, that Plaintiffs and the other similarly situated SNs performed non-exempt work that required payment of overtime compensation.

27. Defendant knew that Plaintiffs and other similarly situated worked unpaid overtime hours because Defendant requires SNs to log the hours they work.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs and the putative FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

29. Plaintiffs file this action on behalf of themselves and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked for Defendant as salaried Surgical Neurophysiologists and were treated as exempt within the United States at any time during the last three (3) years prior to the filing of this Complaint ("FLSA Collective").

30. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent form are attached hereto as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

31. During the applicable statutory period, Plaintiffs and the putative FLSA Collective regularly worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

32. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, requiring SNs and other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

33. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant, and are readily identifiable through its records.

## CLASS ACTION ALLEGATIONS

34. Plaintiff Lojewski and the putative California Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

35. Plaintiff Lojewski, as a Class Representative, also brings claims for relief for violations of California's wage and hour laws pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of the following California Class:

> All persons who worked for Defendant as salaried Surgical Neurophysiologists and were treated as exempt within the State of California at any time during the last four (4) years prior to the filing of this Complaint.

36. Class action treatment of Plaintiff Lojewski's state law claims is appropriate because, as alleged below, all of the Federal Rules of Procedure 23's class action requisites are met.

37. Upon information and belief, the California Class is so numerous that joinder of all members is impracticable. Upon information and belief, during the relevant time period, Defendant employed over 40 people who satisfy the definition of the proposed class.

38. Plaintiff Lojewski is a class member, and her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

39. Plaintiff and her lawyers will fairly and adequately represent the class members and their interests.

40. Questions of law and fact are common to the proposed California Class representative Plaintiff and the putative California Class, as described herein, and these common questions of law and fact predominate over the variations which may exist between members of the class, if any. These common questions of law and fact include, without limitation:

   a. Whether SpecialtyCare improperly treated Plaintiff and the members of the California Class as exempt from California's overtime requirements;

   b. Whether SpecialtyCare unlawfully failed to pay appropriate overtime compensation to the proposed California Class representative Plaintiff and the California Class in violation of the applicable labor codes and wage order;

   c. Whether SpecialtyCare knowingly and intentionally failed to provide adequate itemized wage statements;

d. Whether Defendant failed to provide meal and rest breaks to Plaintiff and the California Class, in violation of the applicable labor codes and wage order;

   e. Whether SpecialtyCare engaged in unfair competition; and

   f. The proper measure of damages sustained by the proposed California Class representative Plaintiff and the California Class.

41. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation:

42. Plaintiff intends to send notice to all members of the California Class to the extent required by Rule 23. The names and addresses of the members of the California Class are available from Defendant.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME**
(On Behalf of Plaintiffs and the FLSA Collective)

43. Plaintiffs, individually and on behalf of the FLSA Collective, reallege and incorporate by reference the above paragraphs as if fully set forth herein.

44. The FLSA, 29 U.S.C. § 207, requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

45. Defendant suffered and permitted Plaintiffs and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

46. Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the other similarly situated individuals their required overtime compensation.

47. As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the other similarly situated individuals have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the other similarly situated individuals are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

48. Defendant knew Plaintiffs and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates.

49. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF
## OVERTIME - CALIFORNIA STATE LABOR CODE
Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194
(On Behalf of the Proposed California Representative Plaintiff and the California Class)

50. Plaintiff Lojewski, individually and on behalf of the proposed California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

51. At all times relevant to this action, the proposed California Class representative Plaintiff and the California Class were employed by Defendant within the meaning of the California Labor Code.

52. By the course of conduct set forth above, Defendant violated Cal. Labor Code §§ 510 and 1194.

53. The California Labor Code requires employers, such as Defendant, to pay overtime compensation to all non-exempt employees for work in excess of eight hours in a given workday

or forty hours in a given workweek at a rate of no less than one and one-half times the regular rate of pay for an employee.

54. The proposed California Class representative Plaintiff and the California Class were non-exempt employees entitled to be paid proper overtime compensation for all hours worked.

55. During the relevant statutory period, the proposed California Class representative Plaintiff and the California Class worked in excess of eight hours in a work day and/or forty hours in a workweek for Defendant.

56. During the relevant statutory period, Defendant failed and refused to pay the proposed California Class representative Plaintiff and the California Class proper overtime compensation for overtime hours worked.

57. Defendant had a policy and practice of failing and refusing to pay proper overtime pay to the proposed California Class representative Plaintiff and the California Class for their overtime hours worked.

58. As a result of Defendant's failure to pay wages earned and due, Defendant violated the California Labor Code.

59. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**
**CALIFORNIA WAGE STATEMENT PROVISIONS OF LABOR CODE**
Cal. Labor Code § 226
(On Behalf of the Proposed California Representative Plaintiff and the California Class)

60. Plaintiff Lojewski, individually and on behalf of the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

61. California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, gross and net wages earned, the date of the period for which the employee is paid, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or penalties, in addition to attorneys' fees and costs.

62. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked and hourly rates paid to the proposed California Class representative Plaintiff and the California Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. Such failure caused injury to Plaintiff and the California Class, by, among other things, impeding them from knowing the amount of wages to which they were and are entitled.

63. The proposed California Class representative Plaintiff and the California Class seek the amount provided under Labor Code 226(e), including the greater of all actual damages or fifty dollars for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period and their attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**REST BREAK AND MEAL PERIOD PROVISIONS**
Cal. Labor Code §§ 226.7, 512, and IWC Wage Order
(On Behalf of the Proposed California Class Representative Plaintiff and the California Class)

11

Case 3:24-cv-01335 Document 1 Filed 11/08/24 Page 11 of 17 PageID #: 11

64. Plaintiff Lojewski, on behalf of themselves and the California Rule 23 Class, allege and incorporate by reference the allegations in the preceding paragraphs.

65. California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

66. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

67. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

68. California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

69. Defendant knowingly failed to provide Plaintiff Lojewski and the California Class with meal periods as required by law, and knowingly failed to authorize and permit Plaintiff Lojewski and the California Class to take rest periods as required by law. Plaintiff Lojewski and the California Class are therefore entitled to payment of the meal and rest period premiums as provided by law.

### FIFTH CLAIM FOR RELIEF
### CALIFORNIA UNFAIR COMPETITION LAW
Cal. Bus. & Prof. Code §§ 17200 *et seq.*
(On Behalf of the Proposed California Representative Plaintiff and the California Class)

70. Plaintiff, individually and on behalf of the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

71. The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq*. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

72. Beginning at a date unknown to the proposed California Class representative Plaintiff, but at least as long ago as approximately July 2021, Defendant committed acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendant's conduct as herein alleged has injured the proposed California Class

representative Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to Plaintiff and the California Class.

73. Defendant engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

    A.    Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*;

    B.    California Labor Code §§ 510 & 1194; and

    C.    California Labor Code § 226.7 & 512.

74. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

75. The harm to the proposed California Class representative Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

76. Pursuant to Business and Professions Code § 17200 *et seq.*, the proposed California Class representative Plaintiff and the proposed California Class are entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

14

Case 3:24-cv-01335   Document 1   Filed 11/08/24   Page 14 of 17 PageID #: 14

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of the FLSA Collective, prays for relief as follows:

a. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

b. Judgment that Plaintiffs and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c. Judgment against Defendant for violations of the overtime provisions of the FLSA;

d. Judgment against Defendant for an amount equal to Plaintiffs' and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e. A finding that Defendant's violations of the FLSA are willful;

f. An amount equal to Plaintiffs' and the FLSA Collective's damages as liquidated damages;

g. All costs and attorneys' fees incurred prosecuting this claim;

h. An award of any pre- and post-judgment interest;

i. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

j. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**WHEREFORE**, the proposed California Class representative Plaintiff, on behalf of herself, and all members of the California Class, and on behalf of the general public, prays for relief as follows:

a. Unpaid overtime wages and other due wages pursuant to California law;

b. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Designation of the proposed California Class representative Plaintiff as representative of the California Class and counsel of record as Class Counsel;

d. Appropriate equitable relief to remedy Defendant's violations of state law;

e. Appropriate statutory penalties;

f. An award of damages and restitution to be paid by Defendant according to proof;

g. Attorneys' fees and costs of suit, including expert fees pursuant to Cal. Labor Code § 1194 and California Code of Civil Procedure § 1021.5;

h. Pre-judgment and post-judgment interest, as provided by law; and

i. Such other equitable relief as the Court may deem just and proper.

DATED: November 8, 2024   By: s/Bryce Ashby
DONATI LAW, PLLC
Bryce Ashby, TN Bar No. 026179
1545 Union Avenue
Memphis, TN  38104
Telephone: (901) 278-1004
Facsimile: (901) 278-3111
Bryce@donatilaw.com


s/ Rachhana T. Srey
NICHOLS KASTER, PLLP
Rachhana T. Srey, MN Bar No. 0340133*
H. Clara Coleman, MN Bar No.0401743*
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
srey@nka.com
ccoleman@nka.com

* Pro hac vice application forthcoming

**Attorneys for Plaintiffs, the Putative FLSA Collective, and the Putative Rule 23 Class**